FILED
2022 FEB 14 AM 11:34
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| O'DRISCOLL CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMCASCO INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION FOR AMENDED SCHEDULING ORDER (DOC. NO. 95)** <br><br> Case No. 2:19-cv-00699 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is the parties' stipulated motion for amended scheduling order, [1] ("Mot.," Doc. No. 48), filed jointly by Plaintiff O'Driscoll Constructors, Inc. ("O'Driscoll") and Defendant EMCASCO Insurance Company ("EMC"). O'Driscoll and EMC both seek to reopen fact discovery following the court's ruling on their motions for summary judgment. However, as set forth in the supplemental briefing, the parties dispute the scope of the discovery which should be permitted. The parties also proposed a new deadline to file motions to amend pleadings, without stating a basis for extending this deadline.

For the reasons explained below, the motion is granted in part and denied in part. The court grants the parties' request to reopen fact discovery but limits the scope of such discovery to the issue of O'Driscoll's claimed damages. The court denies the parties' request to set a new deadline to file motions to amend pleadings, without prejudice. An amended scheduling order is entered concurrently.

---

[1] This document is captioned "Stipulated Amended Scheduling Order," and it was not filed as a motion. (*See* Doc. No. 95.) Because a scheduling order may not be amended without the court's leave, *see* Fed. R. Civ. P. 16(b)(4), the court converted this filing to a motion, (*see* Doc. No. 96).

## BACKGROUND

This action arises from an insurance coverage dispute between O'Driscoll and its insurer, EMC, after O'Driscoll was sued by Nicholas Baker, an individual injured in an automobile accident involving an O'Driscoll employee.[2] (*See generally* Am. Compl., Doc. No. 25.) O'Driscoll brought claims against EMC for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. (*Id.* ¶¶ 13–34.) The deadline to file motions to amend pleadings expired on June 15, 2020. (Am. Scheduling Order, Doc. No. 33.) Under the most recent scheduling order, the fact discovery period closed on October 2, 2020, and expert discovery was stayed until after a ruling on dispositive motions. (Order Granting in Part Stipulated Mot. to Extend Fact Disc. and Stay Expert Disc. Proceedings, Doc. No. 50.)

On September 2, 2021, the district judge granted O'Driscoll's motion for summary judgment in part and denied EMC's motion for summary judgment. (Mem. Decision and Order on Mots. for Summ. J., Doc. No. 86.) As relevant here, the district judge entered partial summary judgment in favor of O'Driscoll on the issue of breach, finding EMC breached the terms of the insurance policy. (*Id.* at 18.) The order states: "Because none of the parties have offered any evidence on the element of damages, which may not be ascertained until the resolution of the underlying state court action filed by Mr. Baker, the court reserves ruling on the damages issue until further briefing by the parties." (*Id.*) The district judge also deferred consideration of O'Driscoll's claims of breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty "until it may assess whether damages for such claims are coextensive with the damages for the breach of contract claim." (*Id.*)

---

[2] Mr. Baker intervened in this action, but he was dismissed as a party after the court's summary judgment ruling. (*See* Compl. of Intervenor, Doc. No. 26; Order Dismissing Intervenor Pl. Nicholas Baker with Prejudice, Doc. No. 102.)

Following this ruling, the parties jointly proposed an amended scheduling order with new fact discovery deadlines and a new deadline for motions to amend pleadings. (Mot., Doc. No. 95.) The court directed the parties to file joint or separate statements explaining the basis for seeking to reopen fact discovery. (Docket Text Order, Doc. No. 97.) The parties filed separate statements which revealed a dispute regarding scope of the discovery which should be permitted. (*See* Pl.'s Statement of Good Cause re: Stipulated Am. Scheduling Order ("Pl.'s Statement"), Doc. No. 98; Def.'s Statement in Resp. to Show Cause Order, Doc. No. 100.) The court ordered supplemental briefing, and the matter is now fully briefed. (*See* Pl.'s Suppl. Br. in Support of Stipulated Am. Scheduling Order and Resp. to Def.'s Statement in Resp. ("Pl.'s Suppl. Br."), Doc. No. 103; Def.'s Statement in Resp. to Order Regarding Suppl. Briefing ("Def.'s Suppl. Br."), Doc. No. 104.)

## LEGAL STANDARD

The court has "broad discretion" in deciding discovery and scheduling matters. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Under the federal rules, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (unpublished) (internal quotation marks omitted). The Tenth Circuit has identified several factors for courts to consider in determining whether good cause exists to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished) (applying these factors to a motion to reopen discovery).

## ANALYSIS

O'Driscoll seeks to reopen fact discovery without any specific limitations. According to O'Driscoll, previous discovery focused on the question of coverage and on resolving Mr. Baker's claim, and "[t]here is still a fair amount of discovery that needs to take place on the bad faith claims." (Pl.'s Statement 1, Doc. No. 98.) O'Driscoll contends it "has not had an opportunity to conduct a 30(b)(6) deposition" of EMC and notes that "[a]dditional witness depositions often come from those corporate representative depositions." (*Id.* at 1–2; *see also* Pl.'s Suppl. Br. 7–8, Doc. No. 103.)

EMC, on the other hand, argues any new fact discovery should be limited to "O'Driscoll's claimed damages consisting of alleged attorney's fees and consequential damages." (Def.'s Statement 3, Doc. No. 100.) According to EMC, O'Driscoll has not provided a specific computation of these damages, and it made certain disclosures regarding these damages after the close of fact discovery.[3] (*Id.*; Def.'s Suppl. Br. 2, Doc. No. 104.) EMC argues it would be prejudiced if it is not permitted to conduct discovery on this issue, including written discovery and depositions of O'Driscoll and its prior counsel regarding the reasonableness and necessity of the attorney fees claimed as damages. (Def.'s Statement 3–4, Doc. No. 100.) EMC opposes O'Driscoll's request for broader discovery, arguing O'Driscoll could have conducted

---

[3] Specifically, EMC represents that O'Driscoll "disclosed for the first time on October 15, 2021, that it was claiming attorney's fees and litigation costs in an amount exceeding $100,000 and produced fully redacted invoices in support of these claimed damages on January 26, 2022." (Def.'s Suppl. Br. 2, Doc. No. 104.)

4

such discovery before the fact discovery deadline and EMC will be prejudiced by the costs of this discovery. (*Id.*)

Applying the relevant factors set forth above, good cause exists to reopen fact discovery on the issue of O'Driscoll's damages. As the summary judgment order notes, O'Driscoll's damages could not be fully ascertained until the resolution of Mr. Baker's underlying state court action against O'Driscoll.[4] And, perhaps as a result, some disclosures regarding these damages have been made after the close of fact discovery. Thus, the need for new discovery on this issue does not result from lack of diligence during the fact discovery period. The other relevant factors also support reopening discovery on this issue. No trial date has been set, and, therefore, trial is not imminent. Neither party has demonstrated it will be prejudiced by reopening fact discovery on this issue. And discovery regarding O'Driscoll's damages is relevant to the outstanding issues on which the court reserved a ruling in the summary judgment order.

However, O'Driscoll has not demonstrated good cause to reopen fact discovery on issues other than damages. The need for general discovery on the merits of O'Driscoll's bad faith claims was foreseeable during the fact discovery period, and O'Driscoll does not adequately explain why it could not have conducted such discovery before the prior deadline.[5] Although the court deferred consideration of these claims in the summary judgment order, it did so only "until it may assess whether damages are coextensive with the damages for the breach of contract claim." (Mem. Decision and Order on Mots. for Summ. J. 18, Doc. No. 86.) O'Driscoll has not

---

[4] EMC represents Mr. Baker's underlying claim has now been resolved. (*See* Def.'s Suppl. Br. 3, 5, Doc. No. 104.)

[5] O'Driscoll argues the pandemic impacted the parties' ability to conduct in-person depositions, but it does not explain why it could not conduct depositions remotely, or why it failed to raise this issue within the discovery period. (*See* Pl.'s Suppl. Br. 7–8, Doc. No. 103.)

demonstrated broad discovery on issues other than damages would be relevant to this question. Further, allowing general discovery regarding the bad faith claims at this stage could substantially increase the costs of the new discovery period, which otherwise would be limited to the narrow issue of damages. While good cause exists to reopen discovery on damages, O'Driscoll has failed to show good cause to allow it to conduct general discovery on other issues which it could have pursued earlier in the case.

For these reasons, any new fact discovery shall be limited to O'Driscoll's claimed damages but not limited to specific categories of damages. Both parties may conduct discovery on this issue. This order does not address whether specific forms of discovery mentioned in the parties' briefs are relevant and proportional, as this issue has not been adequately briefed and is not properly before the court. The parties should meet and confer regarding a discovery plan in light of this ruling. If disputes arise, either party may file a short form discovery motion after making reasonable efforts to resolve the dispute without court intervention, as required under Rule 37-1 of the Local Rules of Civil Practice.

The parties' proposed amended scheduling order also includes a new deadline to file motions to amend pleadings. However, the parties do not state any basis to modify this deadline, which expired on June 15, 2020. (*See* Am. Scheduling Order, Doc. No. 33.) Because they have not shown good cause to modify this deadline, this portion of the motion is denied without prejudice. If the parties seek to set a new deadline to file motions to amend pleadings, they may file a new motion explaining the basis and demonstrating good cause for their request.

## CONCLUSION

The motion for amended scheduling order, (Doc. No. 95), is GRANTED in part and DENIED in part. The parties' request to reopen fact discovery is granted, but the scope of such

discovery is limited to O'Driscoll's claimed damages. The parties' request to modify the deadline to file motions to amend pleadings is denied without prejudice. An amended scheduling order is entered concurrently.

DATED this 14th day of February, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge