UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| O'DRISCOLL CONSTRUCTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EMCASCO INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SHORT FORM DISCOVERY DISPUTE MOTION (DOC. NO. 113)**<br><br>Case No. 2:19-cv-00699<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Defendant EMCASCO Insurance Company ("EMC") filed a short form discovery dispute regarding redaction of invoices, ("Mot.," Doc. No. 113). Because the motion is filed preemptively, it is denied without prejudice.

BACKGROUND

This action arises from an insurance coverage dispute between O'Driscoll Constructors and its insurer, EMC, after O'Driscoll was sued by Nicholas Baker, an individual injured in an automobile accident involving an O'Driscoll employee.[1] (*See generally* Am. Compl., Doc. No. 25.) On September 2, 2021, the district judge granted O'Driscoll's motion for summary judgment in part and denied EMC's motion for summary judgment. (Mem. Decision and Order on Mots. for Summ. J., Doc. No. 86.) The district judge entered partial summary judgment in

---

[1] Nicholas Baker intervened in this action, but was dismissed as a party after the court's summary judgment ruling. (*See* Compl. of Intervenor, Doc. No. 26; Order Dismissing Intervenor Pl. Nicholas Baker with Prejudice, Doc. No. 102.)

1

favor of O'Driscoll on the issue of breach of contract, finding EMC breached the terms of the insurance policy. (*Id.* at 18.) The order states: "Because none of the parties have offered any evidence on the element of damages, which may not be ascertained until the resolution of the underlying state court action filed by Mr. Baker, the court reserves ruling on the damages issue until further briefing by the parties." (*Id.*) The district judge also deferred consideration of O'Driscoll's claims of breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty "until it may assess whether damages for such claims are coextensive with the damages for the breach of contract claim." (*Id.*)

Following this ruling, the court reopened fact discovery on the issue of O'Driscoll's damages. (Mem. Dec. and Order Granting in Part and Den. in Part Stip. Mot. for Am. Scheduling Order, Doc. No. 107.) EMC sought unredacted invoices for attorney's fees and costs, along with evidence of payment, to assess the reasonableness and relatedness of O'Driscoll's claim of $100,000 in fees. (Mot. 2, Doc. No. 113.) Before producing the requested documents, O'Driscoll represented it would not provide unredacted invoices. (*Id.*) On these grounds alone, EMC filed this motion seeking an order compelling O'Driscoll to produce unredacted documents. (*Id.* at 2–3.)

## LEGAL STANDARD

Any party seeking to withhold discovery on the grounds of work-product protection or attorney-client privilege bears the burden of establishing the protection or privilege applies. *Black & Veatch Corp. v. Aspen Ins.*, 29 F.R.D. 611, 615 (D. Kan. 2014). "To carry that burden," the party asserting privilege "must make a clear showing and describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery." *Id.* (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(5) (noting the party must "(i)

expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

## ANALYSIS

EMC requests relief based on O'Driscoll's representation that it would not produce unredacted invoices in support of its claim for attorney's fees and costs—even though O'Driscoll had not yet produced the documents at the time the motion was filed. (Mot. 2, Doc. No. 113.) EMC argues O'Driscoll cannot make a blanket assertion of privilege. (*Id.*) Because EMC contends it cannot assess O'Driscoll's claim for attorney's fees without these unredacted documents, it seeks an order compelling O'Driscoll to provide unredacted invoices for its fees and costs. (*Id.* at 2–3.) O'Driscoll opposes the motion, arguing it is premature and, because it was filed before the document production, the parties were unable to meet and confer. (Resp. to Mot. for Short Form Disc. Dispute 1, Doc. No. 114.) O'Driscoll maintains it unredacted most of the documents before producing them, and EMC's review of the documents may moot the dispute. (*Id.*) And O'Driscoll notes the small portion of the invoices which remain redacted are protected attorney work product. (*Id.* at 2.)

Where EMC filed the motion before production of the documents, the parties were unable to make specific arguments as to particular redactions. *See BridgeBuilder Tax + Legal Servs., P.A. v. Torus Specialty Ins. Co.*, No. 16-2236, 2017 U.S. Dist. LEXIS 33262, at *10-11 (D. Kan. Mar. 8, 2017) (unpublished) (noting the party objecting to discovery on the grounds of privilege must provide enough information to enable the opposing party and the court "to assess each element of the privilege and determine its applicability"). This leaves no basis for the court to assess specific redactions. Any ruling on a blanket request for unredacted invoices—untethered

to facts, arguments, or legal authority as to specific redactions—would be premature and improper.

Accordingly, the motion, (Doc. No. 113), is denied. This denial is without prejudice, to allow EMC to again raise the issue as to any specific redactions it believes are improper, after reviewing the invoices and engaging in a meaningful meeting and conferral.

DATED this 28th day of June, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge