IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| O'DRISCOLL CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMCASCO INSURANCE COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE PLAINTIFF O'DRISCOLL CONSTRUCTORS, INC.'S LATE DISCLOSURES AND CLAIMED CONSEQUENTIAL DAMAGES AND TO STRIKE RETAINED EXPERT TESTIMONY UNSUPPORTED BY INDEPENDENTLY ADMISSIBLE EVIDNECE AND IRRELEVANT RETAINED EXPERT TESTIMONY** <br><br> Case No. 2:19-cv-00699-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court are two motions filed by Defendant EMCASCO Insurance Company ("EMC"): (1) a Motion to Strike Plaintiff O'Driscoll Constructors Inc.'s ("O'Driscoll Constructors") Late Disclosures and Claimed Consequential Damages (ECF No. 118); and (2) a Motion to Strike two of O'Driscoll Constructors' retained expert testimonies (ECF No. 119). The court DENIES both of EMC's motions.

## BACKGROUND

On or about October 15, 2015, Mr. Baker was involved in an accident with Miguel Diaz, an O'Driscoll Constructors employee. Mr. Baker was driving his motorcycle. Mr. Diaz was driving a vehicle owned by O'Driscoll Constructors and insured under a commercial auto policy issued by EMC. As a result of the accident, Mr. Baker sustained injuries and sued O'Driscoll Constructors

and Mr. Diaz for negligence. Although the auto policy provided up to $1,000,000 of coverage per occurrence, EMC claimed that coverage was limited to $25,000. Consequently, O'Driscoll Constructors sued EMC for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. On September 2, 2021, this Court granted partial summary judgment in favor of O'Driscoll Constructors on the breach element of the breach of contract claim. Order at 18, ECF No. 86. This Court deferred ruling on O'Driscoll Constructors' claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty because neither party had briefed the damages element. *Id.* Fact discovery was reopened on the limited issue of O'Driscoll Constructors' claimed damages. Order at 6, ECF No. 107. Written discovery was due by February 25, 2022, and fact discovery was set to close on April 29, 2022. ECF No. 106.

On February 25, 2022, EMC served O'Driscoll Constructors with written discovery. EMC requested that O'Driscoll Constructors describe the full nature of its claimed damages. *See* Pl.'s Resp. Def.'s Third Set Interrog. Ex. C at 2–4, ECF No. 118-3. O'Driscoll Constructors requested an extension of time, which EMC agreed to, and on April 1, 2022, O'Driscoll Constructors served EMC with written discovery responses. *Id.* Rather than provide EMC with specific damage computations, O'Driscoll Constructors stated that discovery was ongoing. For example, EMC requested O'Driscoll Constructors specify the damages arising from the breach of contract claim, and O'Driscoll Constructors responded that:

> Plaintiff objects to this interrogatory as vague, overbroad and unduly burdensome. Plaintiff also objects to the extent that some damages may be ongoing. The matter is still being discovered and this response will be supplemented as additional information becomes available. Without waiving these objections, or the General Objections above, Plaintiff responds as follows:

> $96,832.41 computed from total of all invoices from J Joyce on the matter, as well as a mediation charges for an attempted mediation. There were also many hours put in by the company through Grant O'Driscoll, Justin O'Driscoll and Jen Lemon these consequential damages amount to an estimated $30,000 in time and lost profits for the company.

*Id.* at 3, ECF No. 118-3.

On April 7, 2022, EMC informed O'Driscoll Constructors that the claim for $30,000 in lost time and lost profits was insufficiently detailed and required further documentation. Ex. E at 2, ECF No. 118-5. O'Driscoll Constructors did not respond. On April 27, 2022, EMC informed O'Driscoll Constructors that EMC would object to any information or records submitted during or after the deposition of Ms. Jen Lemon ("Ms. Lemon"), a witness for O'Driscoll Constructors, as untimely. *Id.* at 5, ECF No. 118-5 ("In advance of tomorrow's depo, if O'Driscoll has any further explanation or documentation of the claimed damages in the amount of $30,000 in time and lost profits, now is the time to produce the same. If we don't get this information or material today, we will object to O'Driscoll seeking to use it later on the basis that it is untimely.").

EMC deposed Ms. Lemon on April 28, 2022. During her deposition, Ms. Lemon clarified that O'Driscoll Constructors was not claiming $30,000 in time *and* lost profits damages, but $30,000 in lost time damages alone, and one and a half million dollars in lost profits damages. Lemon Dep. 34:7–35:22, ECF No. 118-4. O'Driscoll Constructors claimed that it lost out on two construction projects because of the litigation with EMC: the loss of the Promontory Homes Project caused O'Driscoll Constructors to lose half a million dollars in profit, and loss of the Silver Creek Project caused O'Driscoll Constructors to lose one million dollars in profit. *Id.* at 37:5–41:5 & 44:22–46:3.

3

The following day, O'Driscoll Constructors filed a second supplemental discovery response containing 301 pages of business records and an explanation of the damage calculations. Pl's Second Suppl. Ex. F, ECF No. 118-6. The supplement clarified that O'Driscoll Constructors was claiming $30,000 in lost time damages and $1.5 million in lost profits damages. *Id.* at 2–3. The supplement also identified Grant O'Driscoll as a witness with knowledge of O'Driscoll Constructors' claimed damages.[1]

EMC filed a motion with this Court to strike Ms. Lemon's testimony on lost time and lost profits damages because Ms. Lemon could not explain in her deposition how the amounts were calculated or provide supporting documentation. Mot. at 9, ECF No. 118. EMC also asks that the court strike the second disclosures and prohibit Grant O'Driscoll from testifying because the second supplement was filed on the closing date of fact discovery. *Id.*

EMC also filed a second motion to strike the testimony of two of O'Driscoll Constructors' retained expert witnesses. ECF No. 119. O'Driscoll Constructors retained Mr. Brenkman, an independent claims adjuster, to evaluate EMC's handling of O'Driscoll Constructors' insurance claim. O'Driscoll Constructors retained Nik Volkov, an economist, to calculate the economic damages O'Driscoll Constructors incurred as a result of EMC's breach of contract. Mr. Volkov's report estimated that EMC's breach caused O'Driscoll Constructors to suffer between $648,391 and $1,174,735 in lost profits. Economic Damages Report Ex. C at 2, ECF No. 119-3.

---

[1] On October 15, 2021, O'Driscoll Constructors identified Ms. Jen Lemon ("Ms. Lemon") and Mr. Justin O'Driscoll as witnesses with knowledge of the disputed facts. Pl's First Suppl. Ex. B 3, ECF No. 118-2.

## ANALYSIS

I. **EMC's Motion to Strike O'Driscoll Constructors' Claimed Consequential Damages and Second Supplemental Disclosures (ECF No. 118).**

A party must supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." FED R. CIV. P. 26(e). Damages must include "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based." FED R. CIV. P. 26(a)(1)(A)(iii). Under Rule 37(c), courts may sanction parties who fail to comply with the discovery process. FED R. CIV. P. 37(c). One possible sanction is to prevent the party who failed to disclose the information from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED R. CIV. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*. 170 F.3d 985, 993 (10th Cir. 1999) (internal citation omitted).

EMC moves to strike (1) O'Driscoll Constructors' claim of $30,000 in lost time damages, (2) O'Driscoll Constructors' claim of consequential damages, and (3) O'Driscoll Constructors' addition of Grant O'Driscoll as a new witness who can testify about O'Driscoll Constructors'

claimed damages.[2] In short, EMC requests that the court exclude this information because O'Driscoll Constructors did not provide it until two days before the close of fact discovery.

District courts may strike untimely disclosures under Rule 37. *See* FED R. CIV. P. 37(c) *Sonrisa Holding, LLC v. Circle K Stores, Inc*, 835 Fed. Appx. 334, 343 (10th Cir. 2020) (striking Plaintiff's untimely disclosure of lost opportunity costs). In determining whether a discovery violation is justified or harmless, or should be sanctioned, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). When exclusion would severely affect the ability of a party to defend its claim on the merits, the court "should evaluate the efficacy of lesser sanctions in conjunction with the traditional *Woodworker's* analysis." *Id*. at 1203.

As a preliminary matter, the court addresses the issue of timeliness. O'Driscoll Constructors claims that its responses were timely because they were filed prior to the close of fact discovery and a trial date has not been set yet. The court disagrees. *See Henderson v. Nat'l R.R. Passenger Corp.*, 412 Fed. Appx. 74, 82 (10th Cir. 2011) (filing a 197-page supplemental

---

[2] Although EMC offers separate reasons for striking Ms. Lemon's testimony and the second supplemental disclosures, it is appropriate to view Ms. Lemon's testimony and the second supplement together. O'Driscoll Constructors filed the second supplement one day after Ms. Lemon's deposition and the supplement filled in apparent gaps in Ms. Lemon's answers. For example, during the deposition, Ms. Lemon indicated that she did not have her notes on the $30,000 lost time damage calculation, nor documents supporting the $1.5 million lost profits damages. Lemon Dep. 31:14–40:13. The second supplement attached Ms. Lemon's handwritten notes and business records supporting the lost profits calculations.

disclosure eight days before the discovery deadline was untimely); *Sonrisa*, 835 Fed. Appx. at 343 (disclosing an additional damage category on the discovery deadline was not timely even though no trial date had been set). Rule 26 requires parties to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." FED R. CIV. P. 26(e). It was not timely for O'Driscoll Constructors to wait until hours before the close of fact discovery to provide EMC with business records on claimed damages. By waiting until the deadline to disclose this information, O'Driscoll Constructors effectively prevented EMC from inspecting and questioning O'Driscoll Constructors regarding it. Therefore, the court is persuaded that O'Driscoll Constructor's provision of the new information was untimely.

      Having concluded that the supplement was untimely, the court addresses the *Woodworker's Supply* factors. With respect to the first *Woodworker's Supply* factor, the court finds that EMC suffered a relatively high degree of prejudice or surprise with respect to O'Driscoll Constructors claim of lost profits damages, and a relatively low degree of prejudice or surprise with respect to O'Driscoll Constructors claim of lost time damages and the addition of Grant O'Driscoll as a new witness. The untimely lost profits claim is highly prejudicial to EMC. Prior to Ms. Lemon's deposition on April 28, 2022, EMC knew neither the magnitude of the claimed damages, nor how the lost profits were calculated. In its interrogatory responses dated April 1, 2022, O'Driscoll Constructors stated that it was claiming "$30,000 in time *and* lost profits for the company." Pl.'s Resp. Def.'s Third Set Interrog. Ex. C at 3 (emphasis added). Then, two days prior to the close of discovery, O'Driscoll Constructors changed the amount of claimed lost profits damages from less

than $30,000 to an amount between $1.5–$2.5 million. EMC's high degree of surprise is clear from the following excerpt of Ms. Lemon's deposition:

> [EMC] Okay, and at that time, your best estimate of O'Driscoll Constructors' lost time and profits, as a result of the Baker accident and subsequent litigation, was $30,000?
>
> [Ms. Lemon] No.
>
> [Counsel for O'Driscoll Constructors]: Object to that, John. It misstates what it says. It's 30,000 in time, and then, there's an additional loss [sic] profits.
>
> . . .
>
> [EMC] All right. I want to back up because I want to be clear because I either misread this response or you're changing the company's answer. Okay? Let's read this. There were also many hours put in by the company through Grant O'Driscoll, Justin O'Driscoll, and Jen Lemon. These consequential damages amount to an estimated 30,000 in time and lost profits. That's a conjunction, right? You know what a conjunction is?
>
> . . .
>
> [EMC] What additional lost profits do you want to share with me for the first time today in this deposition?
>
> . . .
>
> [EMC] Ma'am, I'm not trying to be condescending, but I think you can probably appreciate that I'm a little frustrated to hear for the first time today that you're claiming five and a half million dollars in lost profits that you have never stated in this discovery response and never produced one document in support of.

Lemon Dep. 34:7–14, 35:10–17, 43:16–18, & 45:14–19. The court is convinced that increasing the amount of lost profits damages by this magnitude, two days prior to the close of fact discovery, is highly prejudicial to EMC. *See Sonrisa*, 835 Fed. Appx. at 343 ("To add an entire new category of damages—damages nearly twice as much as had previously been disclosed—on the last day of discovery, would have significantly prejudiced Defendant").

In contrast, the court is persuaded that EMC would suffer minimal prejudice from the late disclosure of lost time damages and the addition of Grant O'Driscoll as a witness. O'Driscoll Constructors has consistently maintained, since its interrogatory response dated April 1, 2022, that lost time damages amount to $30,000.[3] Ms. Lemon explained how she calculated lost time damages in her deposition and O'Driscoll Constructors provided her handwritten calculation in its second supplement. The lack of specificity and delay in the provision of the lost time damage calculations are at most only weakly prejudicial to EMC. The additional disclosure of Grant O'Driscoll as a witness is also only weakly prejudicial to EMC. Although O'Driscoll Constructors had the duty to disclose Grant O'Driscoll as a witness in the initial disclosures, EMC's own motion states that "Grant O'Driscoll is the company's founder and has worked for O'Driscoll long before the subject litigation was filed. . . . It could be of no surprise to O'Driscoll that Grant O'Driscoll may have relevant information . . ." Mot. at 8, ECF No. 118. For the same reasons that it would not surprise O'Driscoll Constructors that Grant O'Driscoll would be a relevant witness, EMC cannot logically claim to be surprised when he was identified as a witness.

On the second *Woodworker's Supply* factor, the court finds that extending discovery will likely cure the prejudice to EMC. EMC's primary objection is that "[a]t this stage, EMC has no ability to conduct adequate discovery into the late-disclosed projects, documents or greatly expanded damages computation." *Id*. at 9, ECF No. 118. O'Driscoll Constructors has stated that it is willing to reopen discovery. Resp. at 6–7, ECF No. 124. Although EMC argues that reopening discovery would be costly, the alternative, exclusion of Ms. Lemon's testimony and the second

---

[3] Although O'Driscoll Constructors stated that $30,000 included both lost time and lost profits, O'Driscoll Constructors did not drastically alter the magnitude of the $30,000 number.

supplemental disclosures, would severely limit O'Driscoll Constructors' ability to present its case on the element of damages. Relatedly, on the third *Woodworker's Supply* factor, because a trial date has not yet been set, allowing the information regarding lost time damages, lost profits damages, and the addition of Grant O'Driscoll as a new witness would not disrupt the trial.

Fourth, the court does not find that O'Driscoll Constructors' delay in supplementing its disclosures rises to the level of bad faith or willfulness. The short amount of time between Ms. Lemon's deposition and the close of fact discovery appears to be partially due to EMC's counsel indicating that the last two weeks of April would be the best time for depositions. Ex. E, at 4. During Ms. Lemon's deposition, EMC asked Ms. Lemon for specific calculations regarding damages. Ms. Lemon provided general answers but responded that at the moment, she was unable to provide the specific information EMC was requesting. Lemon Dep. 34:2–36:13. The following day, O'Driscoll Constructors provided EMC with the business records and damage calculations through the second supplemental disclosures. Pl's Second Suppl. Ex. F. The court agrees with EMC that given the one-day turnaround with which O'Driscoll Constructors provided the business records on damages, it is unclear why O'Driscoll Constructors could not have provided the records earlier in the discovery process. However, the court is not persuaded that O'Driscoll Constructors' actions rise to the level of bad faith.

Because excluding Ms. Lemon's testimony on damages and the second supplemental disclosures would severely limit O'Driscoll Constructor's ability to try the case on the merits, and because the prejudice to EMC can be cured by reopening discovery, the court DENIES EMC's motion to strike O'Driscoll Constructors' late disclosures and claimed consequential damages. ECF No. 118.

## II. EMC's Motion to Strike O'Driscoll Constructors' Retained Expert Testimony (ECF No. 119).

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevant evidence is admissible unless . . . [the United States constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court] provides otherwise." FED. R. EVID. 402. An expert witness may testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. The testimony itself must be "based on sufficient facts or data." *Id.*

EMC moves to strike the expert testimony of Mr. Paul Brenkman for irrelevance. O'Driscoll Constructors retained Mr. Brenkman, an independent claims adjuster, to evaluate whether EMC acted in good faith in handling O'Driscoll Constructors' insurance claim. Mr. Brenkman prepared a report that described standard insurance practices and foreseeable damages resulting from an insurer's breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. Expert Op. Report Paul Brenkman Ex. B, at 12, ECF No. 119-2.

EMC claims that Mr. Brenkman's report is irrelevant because it only speaks to the issue of breach, and this Court has already granted summary judgment finding that EMC breached the contract. But EMC mischaracterizes the contents of Mr. Brenkman's report. The scope of Mr. Brenkman's report covers "matters [that] arise from the alleged and/or incurred harms to O'Driscoll Constructors that occurred because of EMC's alleged failures to diligently investigate the coverage matters, to properly evaluate Baker's claims, and to timely evaluate, settle, and conclude Baker's claims within the EMC policy limit." *Id.* at 3. Mr. Brenkman's report describes

11

foreseeable harms that O'Driscoll Constructors would incur, such as exposing O'Driscoll Constructors to excess judgment and unnecessary litigation problems that would result in the event that EMC breached the implied covenant of good faith and fair dealing and its fiduciary duty. *Id.* at 17–18. Additionally, EMC erroneously states that this court determined that EMC did not act in bad faith in handling O'Driscoll Constructors' insurance claim. Mot. at 3, ECF No. 119. This court determined only that EMC did not act in bad faith in defending O'Driscoll Constructors in the personal injury suit filed by Mr. Baker. The court did not determine whether EMC acted in bad faith in its initial claim handling. Order at 21–22, ECF No. 86. Because Mr. Brenkman's report is relevant to a live controversy that has not been resolved by the court, namely O'Driscoll Constructors' claims that EMC breached the implied covenant of good faith and fair dealing and that EMC breached its fiduciary duty, it satisfies the relevance requirement of Rule 401 of the Federal Rules of Evidence. FED. R. EVID. 401. Thus, the court denies EMC's motion to exclude Mr. Brenkman's testimony.

  EMC also moves to strike the expert testimony of economist Nik Volkov. O'Driscoll Constructors retained Mr. Volkov to prepare a report on the economic damages O'Driscoll Constructors suffered as a result of EMC's breach. *See* Economic Damages Report Ex. C, ECF No. 119-3. Expert testimony must be "based on sufficient facts or data." FED. R. EVID. 702. EMC contends that Mr. Volkov's report should be excluded because the underlying information on which the report relies, business records provided in the second supplement and Jen Lemon's testimony regarding lost profits, should be stricken. Because the court has decided to allow the inclusion of Ms. Lemon's testimony on lost profits damages and the second supplemental disclosures, EMC's claim to exclude Mr. Volkov's testimony is denied as MOOT.

## CONCLUSION AND ORDER

The court orders as follows:

(1) The court DENIES EMC's motion to strike Plaintiff O'Driscoll Constructors Inc.'s late disclosures and claimed consequential damages. ECF No. 118.

(2) The court DENIES EMC's motion to strike retained expert testimony. ECF No. 119.

(3) The parties should meet and confer and propose an amended scheduling order allowing for additional discovery as to O'Driscoll Constructors' claims for lost time and lost profits damages.

DATED February 3, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge